IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK ANTHONY OTT,

                                                     ORDER

               Plaintiff,

                                                  11-cv-382-slc[1]

    v.

STATE OF WISCONSIN DEPARTMENT
OF CORRECTIONS EMPLOYEES,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Mark Anthony Ott has filed a proposed complaint under 42 U.S.C. § 1983, accompanied by an initial partial payment of the filing fee, in accordance with 28 U.S.C. § 1915(b)(1). Because plaintiff is a prisoner, I must screen the complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the complaint, I conclude that it must be dismissed for two reasons: (1) plaintiff cannot sue the "State of Wisconsin Department of Corrections Employees" as a group; and (2) plaintiff has failed to provide fair notice of his claims.

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

First, under Federal Rule of Civil Procedure 4, plaintiff must sue an individual or legal entity that may accept service of the complaint. "State of Wisconsin Department of Corrections Employees" is neither of these. If plaintiff believes that particular employees violated his constitutional rights, he must identify them *individually* in the caption of his complaint. Further, he cannot sue the Wisconsin Department of Corrections under § 1983 because that statute is limited to "persons." Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989).

Second, under Federal Rule of Civil Procedure 8, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff's complaint does not comply with this rule because he has not included *any* description of his claim. Instead, his "statement of claim" in his complaint is simply a list of exhibits that he has attached to his complaint. It is not the job of the court or defendants to attempt to guess what plaintiff's claims might be from reading documents that plaintiff has gathered. He must explain in his complaint what he believes each defendant did to violate his constitutional rights.

I will give plaintiff an opportunity to file an amended complaint that complies with the rules. To assist plaintiff in this task, I offer these observations:

• His proposed amended complaint must be a pleading that can stand on its own without referring to any other document filed in this case. In other words, it should be a pleading that has a full caption listing his name as the plaintiff and the names of all of the defendants he wants to sue. Fed. R. Civ. P. 10.

• It should contain short and plain statements, made in numbered paragraphs, explaining what happened to plaintiff to make him believe his rights were violated, when it happened, who did it and what he wants the court to do about it.  In other words, plaintiff should write his complaint as if he is telling a story to someone who does not know anything about his situation.  Fed. R. Civ. P. 8.

• It should be signed. Fed. R. Civ. P. 11.

ORDER

IT IS ORDERED that plaintiff Mark Anthony Ott's complaint is DISMISSED WITHOUT PREJUDICE to his refiling an amended complaint that complies with the Federal Rules of Civil Procedure as described in this order.  Plaintiff may have until August 5, 2011, to file an amended complaint.  If he does not respond by that date, the clerk of court is directed to close the case.

Entered this 15th day of July, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3